

# THE ATTORNEY GENERAL

# OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 2, 1969

Honorable Burton G. Hackney            Opinion No. M-528
Commissioner
State Department of Public Welfare  Re:  Expenditure of Item 23
John H. Reagan Building                  of the appropriation to
Austin, Texas  78701                     the State Department of
                                         Public Welfare for the
                                         biennium ending August
Dear Mr. Hackney:                        31, 1971.

        Your request for an opinion asks the following questions
relative to the expenditure of Item 23 of the appropriation to the
State Department of Public Welfare contained in the current General
Appropriation Act:

        "1.  May the funds appropriated in House Bill
        No. 2, Acts of the 61st Legislature, Second Called
        Session, Line Item 23 of the Appropriation to the
        State Department of Public Welfare, be used in mak-
        ing payments to the state graduate schools of social
        work as provided in the Rider for the purpose of
        expanding, extending, and enriching the social work
        programs offered to all students attending the state
        graduate schools of social work in accordance with
        the Federal law and the rules and regulations per-
        taining thereto?

        "2.  Is the State Department of Public Welfare
        restricted in the use of these funds to expendi-
        tures which can be identified as relating directly
        and exclusively to or on behalf of the employees
        of the State Department of Public Welfare who are
        attending one of the state graduate schools of
        social work?

        "3.  If in your opinion, the question No. 2
        is answered in the affirmative, then on what basis
        can the Department determine the proportional part
        of the cost of operating the state graduate schools
        in their development of this expanded and enriched
        program which may be paid by the Department?"

-2514-

Item 23 of the appropriation to the State Department of Public Welfare for the biennium ending August 31, 1971 (House Bill 2, Acts of the 61st Legislature, 2nd C.S., 1969) provides:

"For the Years Ending

| | August 31,<br>1970 | August 31,<br>1971 |
|---|---|---|
| "23. Professional Educational Services to State Graduate Schools of Social Work | | |
| | $ 30,000 | $ 30,000" |

The rider to said appropriation provides at page III-172:

"Out of the moneys appropriated hereinabove in Item 23 for professional educational services to State graduate schools of social work, the Department of Public Welfare is authorized to enter into agreements with such schools, subject to approval by the United States Department of Health, Education, and Welfare, for the purpose of establishing and maintaining field instruction units and in providing other educational services and programs related to social work; and provided that the moneys appropriated hereinabove in Item 23 may be expended for salaries, professional fees and services, travel expense, students' field placement travel expense, consumable supplies and materials, current and recurring operating expense, and capital outlay. It is also provided that any unexpended balances remaining in this appropriation item at August 31, 1970, are hereby reappropriated for the same purposes for the fiscal year beginning September 1, 1970."

Subdivision 12 of Section 4 of Article 695c, Vernon's Civil Statutes, as amended by House Bill 1015, Acts of the 61st Legislature, R.S., 1969, relating to the powers and duties of the State Department of Public Welfare, provides:

"(12) Notwithstanding any other provisions contained in the law, the State Department of Public Welfare is authorized and empowered, at such times as may be necessary in order that Federal matching money will be available for

public welfare programs administered by the Department for and/or on behalf of needy persons, and at such times as the State Department may determine feasible and within the limits of appropriated funds, to extend the scope of the public welfare programs and the services provided in relation to such programs to and on behalf of clients and related groups so as to include, in whole or in part, the entire range of public welfare assistance and/or services designed to help families and individuals attain or retain capability for independence or self-care and for such rehabilitation and other services as may be prescribed or authorized under Federal laws and rules and regulations, as they now are or as they may hereafter be amended.

"The State Department shall have the authority to establish and maintain such programs designed to accomplish these objectives, and is authorized and empowered to enter into agreements with Federal agencies, other State agencies, or other public or private agencies, or individuals for the purpose of achieving these goals and accomplishing these purposes. Such agreements or contracts entered into between the State Department of Public Welfare and any other State agency shall not be subject to or controlled by 'The Interagency Cooperation Act', being Article 4413(32), Vernon's Texas Civil Statutes.

"The State Department of Public Welfare is authorized to accept, expend, and transfer any and all Federal and State funds appropriated for such purposes. The State Department of Public Welfare is authorized to accept, expend and transfer funds received from a county, municipality, or any public or private agency or from any other source; and such funds shall be deposited with the State Treasury, subject to withdrawal upon order of the Commissioner of Public Welfare in accordance with rules and regulations adopted by the Department and as authorized herein.

"If any portion of the public welfare laws or amendments thereto are found to be in conflict with

the provisions of the appropriate Federal statutes, as they now are or as they may hereafter be amended, then and in that event, the State Department of Public Welfare is specifically authorized and empowered to prescribe by means of rules and regulations such policies as may be necessary in order that the State may receive and expend Federal matching funds to the fullest extent possible within the Constitutional provisions relating to public welfare and in accordance with the provisions of this Act and the Federal statutes as they now are or as they may hereafter be amended and within the limits of appropriated funds."

You state in your request that under Federal regulations, Federal moneys may be used not only for field instruction costs, but also for:

". . . (1) extension of curriculum to accomodate increased number of students; (2) innovation and experimentation in the course of field instruction; (3) employment of class and/or field instruction faculty and staff teaching equipment such as audio-visual machines and supplies; and (4) extension of library holdings, faculty travel, office space, and other expenses in cases of special need and as such other indirect costs as may be necessary for the fulfillment of the program."

You further state:

"There is an ever increasing need in this state and throughout the nation for trained social workers who can provide social services which will meet the Federal requirements for the administration of the Public Welfare Programs. Only through an expansion or extension of the curriculum and enrichment of the programs of the graduate schools of social work can the State Welfare Department and/or other State agencies who have many positions for graduate social workers, obtain qualified personnel for providing the required services."

Unlike Item 22 which appropriates money for "professional educational stipends to employees", it is noted that the rider

concerning the expenditure of Item 23 does not limit the expenditure to students who are employees of the State Department of Public Welfare. You are therefore advised that funds appropriated in Item 23 of the appropriation to the State Department of Public Welfare in House Bill 2, Acts of the 61st Legislature, 2nd C.S., 1969, for the biennium ending August 31, 1971, may be used in making payments to the State graduate schools of social work as provided in the above rider for the purpose of expanding, extending and enriching the social work programs offered to all students attending such graduate schools of social work, so long as such expenditure meets with the approval of the United States Department of Health, Education and Welfare. You are further advised that the said Department of Public Welfare is not restricted in the use of these funds to expenditures exclusively to or on behalf of the employees of the State Department of Public Welfare, but such funds may be expended for all students so long as the expenditure is approved by the United States Department of Health, Education and Welfare.

It is not necessary to answer your third question in view of our negative answer to question No. 2.

### S U M M A R Y

Line Item 23 to the State Department of Public Welfare for "professional educational services to State graduate schools of social work" may be expended for making payments to State graduate schools of social work, for programs offered to all students attending such graduate schools, including students not employed by the Department of Public Welfare, provided the expenditure has the approval of the United States Department of Health, Education and Welfare as provided in the rider to the appropriation to the State Department of Public Welfare relating to the expenditure of Item 23.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

Hon. Burton G. Hackney, page 6 (M-528)


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Arthur Sandlin
Jim Swearingen
Sam Jones
Fielding Early

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant